Mathew K. Higbee, Esq., SBN 241380
Ryan E. Carreon, Esq., SBN 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8349
(714) 597-6559 facsimile
Email: mhigbee@higbeeassociates.com

*Attorney for Plaintiff,*
CHRISTOPHER SADOWSKI

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SADOWSKI, <br><br> Plaintiff, <br><br> v. <br><br> GREGORY PALUMBO d/b/a www.militarysupplyoutlet.com; DOES 1 through 10, inclusive, <br><br> Defendant. | Case No. _____ <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, Christopher Sadowski alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunction relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2. This Court has subject matter jurisdiction over Plaintiff's claims for

1

copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant conducts business and/or resides within this judicial district, Defendant's acts of infringement complained of herein occurred in this judicial district, and Defendant caused injury to Plaintiff within this judicial district.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant resides and has a regular and established place of business in this judicial district.

## PARTIES

5. Plaintiff Christopher Sadowski ("Sadowski" or "Plaintiff") resides in the State of New Jersey and is a professional photographer by trade.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant, Gregory Palumbo is an individual residing in the state of California doing business as www.militarysupplyoutlet.com (Defendant's Website) with a principal place of business at 22704 Ventura Blvd Suite 476 Woodland Hills, CA 91364.

## FACTUAL ALLEGATIONS

7. Plaintiff Christopher Sadowski is a professional photographer by trade. Sadowski has licensed or sold his photographs to dozens of major media outlets such as The New York Post, Boston Globe, Boston Herald, Los Angeles

Times, Toronto Sun, Newsweek Magazine, People Magazine, the Associated Press, and USA Today.

8. Sadowski is the sole author and exclusive rights holder to a photograph of A US Coast Guard cutter patrolling New York Harbor (the "Image"). A true and correct copy of the original Image is attached hereto as Exhibit A.

9. Sadowski registered the Image with the United States Copyright Office under registration number VA 2-000-106.

10. Sadowski originally licensed the Image to the New York Post ("Post"). On March 26, 2016, the Post ran an article on its website titled *Coast Guard, Navy intercept ship carrying $200M of cocaine to US* ("Post Article"), which featured Sadowski's Image. *See* https://nypost.com/2016/03/26/coast-guard-navy-nab-ship-carrying-200m-of-cocaine-to-us/.

11. Sadowski's Image featured in the Post Article included a credit below the bottom left corner crediting the Image to Sadowski.

12. Defendant is the owner and operator of Defendant's Website, which is an ecommerce site selling surplus military gear and accessories. On information and belief, Defendant is a sophisticated user of intellectual property. The terms and conditions on Defendant's Website states that "[a]ll copyright, trade marks and all other intellectual property rights in the Website and its content (including without limitation the Website design, text, graphics and all software and source codes

connected with the Website) are owned by or licensed to www.militarysupplyoutlet.com or otherwise used by www.militarysupplyoutlet.com as permitted by law." *See* http://militarysupplyoutlet.com/terms-and-conditions/.

13. On or about March 2017, Sadowski discovered that Defendant had used the Image with the photo credit removed on Defendant's Website in an article with an identical headline as that of the Post Article (the "Infringing Article"). A true and correct screenshot of the Infringing Article featuring Sadowski's Image is attached hereto as Exhibit B.

14. On information and belief, Defendant made an unauthorized copy of Sadowski's Image taken from the Post Article, and uploaded it to the server for Defendant's Website. *See* http://militarysupplyoutlet.com/wp-content/uploads/2016/08/hv.jpg

15. Sadowski never authorized Defendant to use the Image in any manner.

16. On information and belief, Defendant knew that it did not have permission to use the Image on Defendant's Website and willfully infringed Sadowski's Image.

17. On information and belief, Defendant willfully removed Sadowski's photo attribution because Defendant knew it did not have permission to use the Image on Defendant's Website.

18. On or about May 16, 2017 Plaintiff's counsel sent Defendant a cease and desist letter requesting, *inter alia*, that Defendant remove the Image from Defendant's Website and its server.

19. On or about September 1, 2017, Plaintiff's counsel sent additional correspondence to Defendant again requesting that the Image be removed.

20. As of the date of this complaint, Sadowski's Image is still displayed on Defendant's Website. A true and correct time stamped screenshot of Sadowski's Image as currently displayed on Defendant's Website is attached hereto as Exhibit C; *see also* http://militarysupplyoutlet.com/coast-guard-navy-intercept-ship-carrying-200m-of-cocaine-to-us/ and http://militarysupplyoutlet.com/wp-content/uploads/2016/08/hv.jpg.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq.*

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Image.

23. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Image in violation of Title 17 of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the

original and unique Image of the Plaintiff without Plaintiff's consent or authority, by using it in the Infringing Article on Defendant's Website.

24. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c).

25. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

26. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

**SECOND CAUSE OF ACTION**
**FALSIFICATION, REMOVAL AND ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION**
**17 U.S.C. § 1202**

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. On information and belief, Defendant knew that Plaintiff created and held rights to the Image because, *inter alia*, the source of the Image that Defendant used to make its infringing copy, the Post Article, specifically attributed the Image to Plaintiff.

29. Defendant intentionally falsified copyright management information related to the Image with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act. Specifically, Defendant

purposefully failed to credit Plaintiff in order to mislead the public into believing that Defendant either owned the Image or had legitimately licensed it for use in the Infringing Article.

30. Defendant's conduct constitutes a violation of 17 U.S.C. § 1202(a), and 1202(b).

31. Defendant's falsification, removal and/or alteration of that copyright management information was done without Plaintiff's knowledge or authorization.

32. Defendant's falsification of said copyright management information was done by Defendant intentionally, knowingly, and with the intent to induce, enable, facilitate, or conceal Defendant's infringement of Plaintiff's copyright in the Image. Defendant also knew, or had reason to know, that such removal and/or alteration of copyright management information would induce, enable, facilitate, or conceal Defendant's infringement of Plaintiff's copyright in the Image.

33. Plaintiff has sustained significant injury and monetary damages as a result of Defendant's wrongful acts as hereinabove alleged, and as a result of being involuntarily associated with Defendant in an amount to be proven.

34. In the alternative, Plaintiff may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 from Defendant for each violation of 17 U.S.C. § 1202.

/ / /

/ / /

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c);

- For statutory damages against Defendant pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 for each violation of 17 U.S.C. § 1202;

- For general and special damages against Defendant according to proof together with interest thereon at the maximum legal rate;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502; and

- For any other relief the Court deems just and proper.

Dated: January 31, 2018

Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8325
(714) 597-6729 facsimile
*Counsel for Plaintiff*

# DEMAND FOR JURY TRIAL

Plaintiff, Christopher Sadowski, hereby demands a trial by jury in the above matter.

Dated: January 31, 2018                    Respectfully submitted,


/s/ Mathew K. Higbee
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8325
(714) 597-6729 facsimile
*Counsel for Plaintiff*

# Exhibit "A"



# Exhibit "B"



# Exhibit "C"



# Coast Guard, Navy intercept ship carrying $200M of cocaine to US

by admin

Categories: coast guard, Info, News
Tags: intercept ship, US



Customs agents teamed up with the Coast Guard and Navy to land a big fish — a submarine-like ship being used to smuggle more than five tons of cocaine worth $200 million to the US, viagra sale authorities said.

The seizure occurred March 3 in the Pacific Ocean off the Central American coast. Customs officials had spotted the vessel from a plane.

Read More…



### Recent Posts

- Marines identify 16 service members killed in military plane crash
- USAF Declares Its Red Air Requirements; DOD Expects to Continue Supply Routes in Pakistan; Assessing the Development of the Afghan Air Force
- Understanding Multi-Domain Command and Control
- What Happened to Zuma?; Increasing Competition in National Security Space Launches; Controlling Multiple Domains
- Marines celebrate the centennial of the storied 'Cannon Cockers'



