UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 18-792-JFW(FFMx)**                                    Date: August 20, 2018

Title:     Christopher Sadowski -v- Gregory Palumbo et al

**PRESENT:**

       **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

       **Shannon Reilly**                                              **None Present**
       **Courtroom Deputy**                                        **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**           **ATTORNEYS PRESENT FOR DEFENDANTS:**
       None                                                                      None

**PROCEEDINGS (IN CHAMBERS):**     ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT AND SET ASIDE DEFAULT JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55(C) [filed 7/19/18; Docket No. 22]

      On July 19, 2018, Defendant Gregory Palumbo ("Defendant") filed a Motion to Set Aside Entry of Default and Default Judgment Pursuant to Federal Rule of Civil Procedure 55(c) ("Motion").  On July 26, 2018, Plaintiff Christopher Sadowski ("Plaintiff") filed his Opposition.  Defendant did not file a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument.  The matter was, therefore, removed from the Court's August 20, 2018 hearing calendar and the parties were given advance notice.  After considering the moving and opposing papers, and the arguments therein, the Court rules as follows:

**I.     FACTUAL AND PROCEDURAL HISTORY**

      Plaintiff is a professional photographer and has licensed and sold his photographs to dozens of major media outlets such as the New York Post, the Boston Globe, USA Today, and Newsweek.  He is the sole owner of a photograph of a United States Coast Guard cutter patrolling the New York Harbor (the "Image").  On January 1, 2016, he registered the Image with the United States Copyright Office (Registration Number VA 2-000-106).

      Plaintiff licensed the Image to the New York Post.  On March 26, 2016, the New York Post posted an article on its website titled *Coast Guard, Navy Intercept Ship Carrying $200M of*

*Cocaine to U.S.* ("the Post Article"), which featured the Image.  The Post Article acknowledged Plaintiff's ownership of the Image.

Defendant is the owner and operator of the website www.militarysupplyoutlet.com, which is an e-commerce website that sells surplus military gear and accessories.

In March of 2017, Plaintiff discovered that Defendant had posted an article on his website with a title identical to the Post Article.  The article also featured the Image; however, the acknowledgment had been removed.

On May 16, 2017, Plaintiff's counsel sent a cease and desist letter to Defendant asking him to remove the Image from his website and its server.  On September 1, 2017, Plaintiff's counsel sent additional correspondence asking Defendant to remove the Image.  On January 31, 2018, Plaintiff filed this action against Defendant alleging claims for: (1) copyright infringement; and (2) falsification, removal and alteration of copyright management information.

On March 11, 2018, Defendant was served with a copy of the Summons and Complaint, and he subsequently failed to file an answer.  As a result, on April 6, 2018, the clerk entered default against Defendant.  On June 11, 2018, the Court granted Plaintiff's unopposed request for entry of default judgment and entered judgment against Defendant for $20,000 in statutory damages for wilful copyright infringement; $10,000 in statutory damages for violation of the Digital Millennium Copyright Act; $1,500 for Plaintiff's attorneys' fees; and $495.25 for Plaintiff's costs.

**II.     LEGAL STANDARD**

Federal Rule of Civil Procedure 55(c) provides that a "court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  Pursuant to Rule 60(b), a party may be relieved from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief.

**III.    DISCUSSION**

Defendant argues there is good cause to set aside the default judgment because his failure to participate in this action was due to excusable neglect.  The same "good cause" standard "governs vacating an entry of default under Rule 55(c) and vacating a default judgment under Rule 60(b)."  *Franchise Holding II, LLC. v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004).  To determine whether a default judgment should be vacated based on excusable neglect, courts in the Ninth Circuit consider: (1) "whether the defendant's culpable conduct led to the default"; (2) "whether the defendant has a meritorious defense"; and (3) "whether reopening default judgment would prejudice the plaintiff."  *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001) *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 147–50 (2001).  A defendant seeking to set aside a default judgment must demonstrate that "any of these factors favor setting aside the default" and a court may refuse to set aside a default judgment where "any one of the[se] three factors weighs against [a] [d]efendant."  *U.S. v.*

*Iscandari*, 2012 WL 2568187, at *3 (N.D. Cal. July 2, 2012); *see also Brandt v. Am. Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1112 (9th Cir.2011); *Franchise Holding*, 375 F.3d at 926.

### A.    Whether Defendant Engaged in Culpable Conduct

A defendant's conduct is culpable "if he intentionally failed to answer after receiving either actual or constructive notice of the action." *Iscandari*, 2012 WL 2568187, at *3; *see also U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010). Intentional conduct does not refer to "a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Mesle*, 615 F.3d at 1092 (internal quotation and citation omitted). As a result, "simple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default." *Id.*

Defendant argues that he is not culpable for failing to file an answer because he either did not receive notice of the lawsuit or was experiencing distress over his foreclosure and discarded any notice he received. Mot. 5. The Court does not find Defendant's arguments persuasive. It is clear from the record that Defendant was properly served on March 11, 2018 and that a copy of the papers were also mailed to his residence on March 13, 2018 [Docket No. 10]. In addition, Plaintiff has presented evidence that his attorney emailed a copy of the Complaint and exhibits to Defendant as early as January 31, 2018—the date this action was commenced—and that Defendant acknowledged receipt of the Complaint by email. Moreover, Plaintiff's counsel also has presented evidence that he reminded Defendant in an email on March 14, 2018 that Defendant had been served and that he was required to file a responsive pleading by April 1 [Docket No. 18 at 36]. Accordingly, the Court concludes that Defendant had actual notice of this lawsuit.

The Court also finds Defendant has failed to demonstrate the absence of bad faith. The record demonstrates that Defendant was actually notified of the lawsuit on multiple occasions and had ample opportunity to file an answer. The record also demonstrates that Defendant was attempting to circumvent the litigation process. Indeed, after falsely claiming that he did not have knowledge of the lawsuit, Defendant admitted in his Motion that he offered to pay Plaintiff $500.00 in late May to settle Plaintiff's infringement claims. Mot. 6. In fact, it appears that the only reason Defendant even filed this Motion is because the amount of statutory penalties imposed for willful infringement was larger than he believes is just. Accordingly, the Court concludes that Defendant is culpable for failing to respond to the Complaint.

### B.    Whether Defendant Has a Meritorious Defense

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." *TCI*, 244 F.3d at 700. Although this is not a heavy burden, "to satisfy this burden, a defendant must allege facts that, if true, would constitute a defense." *Mesle*, 615 F.3d at 1091. The Court concludes that Defendant has failed to satisfy his burden.

Defendant argues that he has a meritorious defense to this lawsuit because: (1) he immediately took down the Image after being contacted by Plaintiff; (2) the Image was on a

website page that did not sell any products or receive many visitors; and (3) although the Image appeared on Defendant's website, it was placed there by Defendant's web designer in the Phillippines.  Mot. 2,6.  However, none of these facts, even if true, constitutes a viable defense to Plaintiff's claims.

First, removing a copyrighted image from a website when asked is not a defense to liability for past copyright infringement.  Second, it is irrelevant that Defendant did not use the Image on a website page that sold products or received many visitors because liability for copyright infringement does not require commercial exploitation.  *See* 17 U.S.C. Section 501.  Finally, it would not be a defense to Plaintiff's claims even if Defendant did not personally place the Image on the website page because Defendant does not dispute that the website page belonged to him or was controlled by him, that he had the ability to supervise the designer, or that the website was used to attract customers.  *See MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 940 n. 9 (2005).  Accordingly, the Court concludes that Defendant has failed to demonstrate that he has a meritorious defense to Plaintiff's claims.

### C.   Whether Plaintiff Will Suffer Prejudice

Plaintiff argues that the default judgment should not be set aside because he will be forced to incur unnecessary attorneys' fees and costs litigating a matter where the Defendant has admitted to infringing conduct.  However, the Ninth Circuit has held that the fact that a party may incur attorneys' fees if a default is set aside is not sufficient to demonstrate prejudice because if there had not been a default, the plaintiff would have had to litigate the merits of the claim and would have incurred fees in the process.  *TCI*, 244 F.3d at 700.  Accordingly, the Court concludes that this factor does not weigh in favor of Plaintiff.  However, after considering all of the foregoing factors, the Court concludes that the majority of the factors weigh heavily in favor of Plaintiff.

## IV.   CONCLUSION

In light of the foregoing, the Court **DENIES** Defendant's Motion.

IT IS SO ORDERED.